MARTHA COOK, Appellant, *v.* M. E. CRANDALL, and Others, Respondents.

TAXATION,—MUNICIPAL CORPORATIONS.—MUNICIPAL BENEIFTS.—In a suit brought to recover the value of a wagon seized for city taxes upon lands situated one mile away from the platted portion of the city, but where a street extended past the land, upon which work had been done as far as the plaintiff's premises, and plaintiff had enjoyed police protection and some municipal benefits; *held*, that the land was subject to city taxation, distinguishing this case from *People* v. *Daniels*, 6 Utah, 290.

APPEAL from an order granting a new trial and setting aside a verdict. The opinion states the facts.

*Messrs. Sutherland and Judd*, for the appellant.

*Messrs. Thurman and King*, for the respondent.

ZANE, C. J.:

The appellant brought this action to recover the value of a wagon seized by the defendant Crandall, as collector of Springville, to pay taxes alleged to be duly assessed and due that municipality. The plaintiff insisted that her farm upon which the taxes were assessed is situated outside of the town as indicated by its improvements, and beyond the range of its municipal benefits, and that the tax for which the seizure was made was for that reason unauthorized. The case was submitted to a jury, who returned a verdict against the defendants for $100, which the court set aside upon motion. To this order the plaintiff excepted, and appealed to this court. The facts of the case are that the plaintiff was the owner of

a farm consisting of fifty-six acres, within the corporate limits of Springville, and situated about one mile south of the platted portion of the town; that there are streets south of these platted lands, one of which extends to plaintiff's farm, and bounds it on the north and east; that some work has been done on this street as far south as plaintiff's premises; that about seventy-five families reside on lots and small farms outside of this platted ground on the side plaintiff's place is situated; that a portion of them are between it and the platted part; that the marshal of Springville some times goes out as far as plaintiff's premises to drive stock from the streets, and at other times to remove dead animals; that the police of Springville have attended public gatherings near plaintiff's place, and made arrests for disorderly conduct. From this evidence we must infer that plaintiff's premises, and persons on them and in that vicinity, receive some of the benefits of the expenditures of the money arising from municipal taxes; that the plaintiff's premises are within the range of the municipal benefits of Springville.

In the case of *People* v. *Daniels*, 6. Utah, 290, 22 Pac. Rep. 159, this court said: "Upon principal and authority, we are of the opinion: *First*, that municipal taxation should be limited to the range of municipal benefits; *second*, that lands and their occupants, without the range of municipal benefits, should not be taxed to aid those within; *third*, that a law authorizing the assessment of taxes for municipal purposes, upon lands or their occupants located beyond the range of municipal benefits, is not a rightful subject of legislation; *fourth*, that taxation for city purposes should be within the bounds indicated by its buildings, or its streets and alleys, or other public improvements, and contiguous or adjacent districts so situated, as to authorize a reasonable expecta-

tion that they will be benefited by the improvements of the city, or protected by its police; that no outside district should be included when it is apparent and palpable that the benefits of the city to it will only be such as will be received by other districts not included, such as will be common to all neighboring communities." The case in hand is not within the rules as above laid down. We are of the opinion that the plaintiff's property was subject to the municipal tax, and that the seizure complained of was legal. The order appealed from is affirmed.

MINER, J., concurred.